IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00578-REB-KLM

SCOTT MASON,

    Plaintiff,

v.

STEVE HARTLEY, Warden, Fremont Correctional Facility,
MR. HUGHES, Commander, F.C.F. S.E.R.T.,
C/O FRANCIS, F.C.F. S.E.R.T., and
J. DOE, F.C.F., Health Services Administrator,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Substitution Pursuant to F.R.Civ.P. 25(d)(1)** [Docket No. 41; Filed September 23, 2011] (the "Motion"). Defendants filed a Response [#45] in opposition to the Motion on October 13, 2011. Plaintiff did not file a Reply. Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion has been referred to this Court for a recommendation regarding disposition.[1] The Court has reviewed the Motion [#41], Defendants' Response [#45], the entire case file, and the

---

[1] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). As discussed *infra*, the Court interprets Plaintiff's Motion as a request to amend his Complaint [#1]. Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (unpublished decision) (collecting cases). When an order denying a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). For the purposes of resolving the present Motion, the Court assumes that the issue is dispositive and requires a recommendation.

applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Court **RECOMMENDS** that the Motion be **DENIED**.

At all times relevant to his claims, Plaintiff was an inmate at the Colorado Department of Corrections ("CDOC") Fremont Correctional Facility ("Fremont").  On March 8, 2011, Plaintiff filed a Complaint [#1] pursuant to 42 U.S.C. § 1983 in which he claims that Defendants violated the rights guaranteed to him by the Eighth and Fourteenth Amendments to the United States Constitution by leaving him outside in the prison yard "for more than 7 hours in temperatures close to 100 degrees" during a security sweep of inmates' cells.  *Complaint* [#1] at 4.

In the present Motion, Plaintiff seeks to substitute the name of Defendant "J. Doe, F.C.F., Health Services Administrator ["HSA"]" with "Rene Martinez," whom Plaintiff alleges was the HSA at the time of the events underlying this lawsuit.  Plaintiff brings the Motion pursuant to Federal Rule of Civil Procedure ("Rule") 25(d)(1).  *See Motion* [#41] at 1.  The current iteration of Rule 25(d) no longer has a subdivision (1).  *See* Fed. R. Civ. P. 25(d). The current Rule 25(d) provides, in full:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold public office while the action is pending.  The officer's successor is automatically substituted as a party.  Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Rule 25(d), therefore, concerns changing the name of a known public officer in his official capacity for the name of his successor.  Plaintiff's request here is to substitute Rene Martinez as the name of the "J. Doe" defendant.  *See Motion* [#41] at 1.  Plaintiff's request does not allege succession in a public office from one person to another.  Thus, Rule 25(d)

is inapplicable to the circumstances of this case.

However, the Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Here, Plaintiff is requesting that his designation of "J. Doe" be substituted with the name of "Rene Martinez," who is alleged to have been the HSA at the time of the incident underlying this lawsuit. *See Motion* [#41] at 1. Thus, the Court notes that the substance of Plaintiff's Motion is more properly analyzed under Rule 15, which addresses amendment of a complaint.

On July 14, 2011, the Court issued a Recommendation [#31] on Defendants' Motion to Dismiss [#20]. Therein, the Court recommended that the claim against the HSA be dismissed with prejudice:

> Plaintiff asserts that the HSA is "in charge of health and medical services" at Fremont. He alleges that the HSA "failed to ensure that medical complaints were addressed during the property compliance shakedown." He further alleges that "[i]n the days following the shakedown, the HSA made a decision that medical [staff at Fremont] would not see any prisoner complaining of sunburn."
>
> The Court finds that Plaintiff has failed to allege any personal involvement by the HSA in addressing his concerns during the security sweep or in treating any of *his* medical problems that resulted from exposure to heat and sun. The Complaint does not contain factual allegations sufficient to plausibly suggest that the HSA had either a "purpose" to negatively impact Plaintiff's medical condition, or a "state of mind" similar to that of Hughes and Francis, who allegedly ignored Plaintiff's medical needs." Plaintiff does not allege that the HSA "personally direct[ed]" any subordinates to ignore his medical needs during or after the security exercise. Importantly, Plaintiff also does not expressly claim to have asked for medical attention after the sweep. He does not state to whom he made requests for medical treatment after the security sweep, and he does not specify when such requests were made. Accordingly, Plaintiff has not explained how the HSA's alleged decision to deny treatment to inmates complaining of sunburns impacted him personally. Plaintiff also has not alleged that the HSA had "actual knowledge" that he required unique medical attention during or after the security sweep.

> Because the HSA was a supervisory official and Plaintiff has not alleged any facts that indicate that it might be possible for him to show personal involvement by the HSA in the alleged Eighth Amendment violation if he were given leave to amend his Complaint, the Court recommends that Plaintiff's claim against the HSA be dismissed with prejudice.

*Recommendation* [#31] at 10-11 (internal citations omitted). Defendant argues that substitution of "Rene Martinez" for "J. Doe" would be futile because Plaintiff alleges no additional facts other than those contained in his original Complaint. *See Response* [#45] at 6-8. The Court agrees. If the District Judge adopts the Court's Recommendation, the claim against the HSA will be dismissed, and it would be irrelevant if the actual name of the HSA is substituted for the "J. Doe" designation. Thus, the Court finds that the substitution would be futile.

Further, even if the District Judge does not adopt the Court's Recommendation, Plaintiff is requesting to amend his complaint after the statute of limitations has run. The incident underlying this lawsuit occurred in July 2009. *See Complaint* [#1] at 3. In this District, the limitations period for claims brought pursuant to 42 U.S.C. § 1983 is two years. *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993). Plaintiff requested amendment of his Complaint in September 2011, more than two years after the accrual of his cause of action.

Thus, because the statute of limitations has run, the requested amendment is futile unless it relates back to the Complaint pursuant to Rule 15(c). *See Bell v. City of Topeka, KS*, 279 F. App'x 689, 692 (10th Cir. 2008). "Substituting a named defendant for an original, unknown 'John Doe' defendant amounts to adding a new party . . . ." *Id.* (citing *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004). An amendment adding a new party may relate

back to the date of the original pleading, in spite of otherwise being barred by the statute of limitations.  *See Bell*, 279 F. App'x at 692 (citing Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii)). Pursuant to Rule 15(c)(1)(C),

> An amendment to a pleading relates back to the date of the original pleading when the amendment changes . . . the naming of the party against whom a claim is asserted, if . . . within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment received such notice of the action that it will not be prejudiced in defending on the merits; and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Here, as a matter of law, there was no "mistake" as contemplated by Rule 15(c)(1)(C) concerning the identity of the HSA.  *See Bell*, 279 F. App'x at 692.  "[A] plaintiff's lack of knowledge of the intended defendant's identity is not a mistake concerning the identity of the proper party within the meaning of [Rule 15(c)(1)(C)]."  *Id.* (quoting *Garrett*, 362 F.3d at 696).  A "plaintiff's designation of an unknown defendant . . . in the original complaint is not a formal defect of the type [the rule] was meant to address."  *Bell*, 279 F. App'x at 692 (quoting *Garrett*, 362 F.3d at 697).  In other words, a proposed amendment that specifically names a defendant not previously specifically named will not relate back to the filing date of the original complaint.  *See Bell*, 279 F. App'x at 692.  Thus, Plaintiff's request to substitute Rene Martinez is futile under these circumstances.

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Plaintiff's Motion [#41] be **DENIED**.  Accordingly,

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: November 9, 2011 at Denver, Colorado.

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge