IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00578-REB-KLM

SCOTT MASON,

        Plaintiff,

v.

MR. HUGHES, Commander, F.C.F. S.E.R.T., and
C/O FRANCIS, F.C.F. S.E.R.T.,

        Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

        This matter is before the Court on Plaintiff's **Motion for Injunctive Relief** [Docket
No. 107; Filed October 17, 2012] (the "Motion").  On November 7, 2012, Defendant filed
a Response [#112].  Plaintiff did not file a Reply.  Pursuant to 28 U.S.C. § 636(b)(1)(A) and
D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation
regarding disposition [#108].  The Court has reviewed the Motion, the Response, the entire
case file, and the applicable law and is sufficiently advised in the premises.  For the
reasons set forth below, the Court **RECOMMENDS** that the Motion [#107] be **DENIED**.

**I. Background**

        Plaintiff, who is proceeding *pro se*, is presently an inmate at the Arkansas Valley
Correctional Facility ("AVCF") [#107], although during the events underlying this case he
was an inmate at the Fremont Correctional Facility (FCF).  *See Compl.* [#1] at 1.  Plaintiff

alleges that his Eighth Amendment rights were violated during a routine room search.  *Id.* at 4.  He alleges that he and other offenders from Living Unit 6 were forced to stand outside in the sun for a period exceeding seven hours.  *Id.*  Plaintiff contends that, prior to that event, he had been diagnosed with "multiple serious conditions" and had been prescribed "multiple medications" that allegedly made him "photo-sensitive."  *Id.*  He alleges that the ninety-degree heat and intense sun caused serious damage to his health.  *Id.*  Plaintiff asserts that he was later told that amputation may be required on one or both of his legs.  *Id.*  The parties have filed Motions for Summary Judgment on the remaining issues in this case [#74, #90].

In the Motion, Plaintiff seeks an injunction requiring Defendants to provide him with low-cut medical shoes.[1]  *See Motion* [#107] ¶ 9.  He asserts that low-cut shoes "don't come in contact with the legs above the ankle" and that normal high-cut shoes "cause undue pain due to the legs being swollen and painful from the 'Edema.'"  *Id.* ¶ 1.  Plaintiff currently has a pair of low-cut medical shoes; however, he states that they are now "extremely worn out," "the leather is torn to where the feet can be seen," and the leather is "separating from the sole," all of which causes him foot pain.  *Id.* ¶ 6.  He alleges that medical department staff at AVCF refuse to replace the shoes because they changed the criteria for the issuance of such shoes some time after Plaintiff's present low-cut pair were provided to him.  *Id.* ¶ 4.

## II.  Legal Standard

---

[1] Plaintiff previously filed a Declaration in support of his Motion for Summary Judgment [#74] in which he mentioned the issue of his shoes.  *See Decl. of Pl.* [#80] ¶¶ 12-13.  However, this issue was not raised in his Complaint [#1], which was filed on March 8, 2011.

Fed. R. Civ. P. 65(a) and (b) govern preliminary injunctions and temporary restraining orders. "Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, No. 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001) (citing 11A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2951 (2d ed. 1995)). Here, because Defendants were given notice and an opportunity to respond, the Court analyzes the Motion for Injunctive Relief under the standards for issuance of a preliminary injunction.

Injunctive relief is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish the following: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.* It is well-established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted).

"The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held." *Bray v. QFA Royalties LLC*, 486 F. Supp.

2d 1237, 1241 (D .Colo. 2007) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395

(1981)).  "The purpose of a preliminary injunction is not to remedy past harm but to protect

plaintiffs from irreparable injury that will surely result without their issuance."  *Schrier*, 427

F.3d at 1267.  Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve
> the relative positions of the parties until a trial on the merits can be held, we
> have identified the following three types of specifically disfavored preliminary
> injunctions . . . (1) preliminary injunctions that alter the status quo; (2)
> mandatory preliminary injunctions; and (3) preliminary injunctions that afford
> the movant all the relief that [he] could recover at the conclusion of a full trial
> on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted).  These disfavored injunctions are "more

closely scrutinized to assure that the exigencies of the case support the granting of a

remedy that is extraordinary even in the normal course."  *Id.* at 1259.

### III.  Analysis

As noted above, Plaintiff seeks a preliminary injunction requiring Defendants to

provide him with low-cut medical shoes.  *See Motion* [#107] ¶ 9.  Thus, the relief Plaintiff

seeks would alter the status quo rather than preserve it and would also require Defendants

to act.   Therefore, the injunctive relief sought by Plaintiff "constitutes a specifically

disfavored injunction" that "must be more closely scrutinized."  *Schrier*, 427 F.3d at 1261.

Accordingly, the Motion must be denied unless Plaintiff's "right to relief [is] clear and

unequivocal."  *Id.* at 1258.

The law is well-established that prison management functions should be left to the

broad discretion of prison administrators to enable them to manage prisons safely and

effectively.  *See, e.g., Meachum v. Fano*, 427 U.S. 215 (1976).  Courts should grant

-4-

injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d at 266, 269-70 n.2 (4th Cir. 1994); *see also Citizens Concerned for Separation of Church & State v. Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980). Indeed, the Court of Appeals for the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint so necessary in the maintenance of proper federal-state relations." *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (quotation omitted). As such, "intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts . . . . [This] is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiff's likelihood of success on the merits have been made." *Taylor*, 34 F.3d at 269 (citations omitted).

Finally, the Court notes that the two remaining Defendants in this matter are security staff members. *See Response* [#111] ¶ 9. They are not medical care providers. *See id.* Furthermore, they are staff members at FCF, Plaintiff's former correctional facility, not at AVCF, Plaintiff's present correctional facility. *Id.*; [#1, #107]. In spite of these circumstances, Plaintiff seeks an order requiring the medical staff at AVCF to provide him with the low-cut shoes he desires. *Motion* [#107] ¶ 8. Thus, Plaintiff seeks an order against unspecified non-party individuals located at AVCF.

The Tenth Circuit applies a heightened standard for litigants seeking injunctive relief against non-parties. *Andrews v. Andrews*, 160 Fed. App'x 798, 800 (10th Cir. 2005).

"While the non-party status of an injunction's target may [not] be a conclusive impediment, it nevertheless heightens the hurdle that must be cleared to obtain the injunction: not only must the motion advance considerations satisfying the traditional injunction factors . . . but those considerations must also constitute . . . 'appropriate circumstances' . . . to justify issuing an injunction against a non-party." *Id.* The "appropriate circumstances" referred to by the *Andrews* court requires a non-party to be "in a position to frustrate [or facilitate] the implementation of a court order or the proper administration of justice." *Id.* at 799 (quoting *United States v. New York Telephone Co.*, 434 U.S. 159, 174 (1977)).

To obtain injunctive relief, Plaintiff must first show that he will suffer irreparable harm if his request for injunctive relief is denied. *Schrier*, 427 F.3d at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* (quotation omitted). Therefore, to demonstrate irreparable harm, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 Fed. App'x 104, 106 (10th Cir. 2007). Finally, an injunction is only appropriate "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

The Court finds that Plaintiff has failed to show that he will suffer irreparable harm if his request for injunctive relief is denied. Plaintiff alleges only one present injury and one threatened injury; *i.e.*, that his current pair of shoes cause him "foot pain" and that non-low-cut shoes would cause him undue pain. *Motion* [#107] ¶¶ 1, 6.

With respect to Plaintiff's alleged ongoing injury from the failure to provide him with adequate medical treatment in the form of proper shoes, the Court finds that Plaintiff has failed to show that he will suffer irreparable harm without an injunction. First, Plaintiff has not established that he is in fact receiving inadequate medical treatment in connection with his footwear. *See Escobar v. Jones*, No. 09-cv-02207-CMA-KLM, 2011 WL1642429, at *3 (D. Colo. Jan. 10, 2011). Second, Plaintiff has not alleged that he will be irreparably harmed if he does not receive low-cut shoes during the pendency of this case. Plaintiff has not stated that a delay associated with receiving purportedly necessary footwear will cause any permanent, irreversible damage to his feet, ankles, or legs. *See id.*

With respect to Plaintiff's alleged threatened future physical injury, the Court finds that Plaintiff has failed to show that future physical injury is certain or even likely. First, injunctive relief is generally not appropriate to address post-complaint conduct. *Teague v. Hood*, No. 06-cv-01800, 2008 WL 2228905, at *16 (D. Colo. May 27, 2008) (noting that injunctive relief should not lie to address conduct that occurred after complaint was filed). Second, Plaintiff has not alleged that he is suffering ongoing physical injury. Although Plaintiff states that he will suffer leg pain if forced to wear high-cut shoes, Motion [#107] ¶ 6, he does not allege any specifics regarding this pain. Third, while Plaintiff does allege future pain if forced to use normal shoes, he has not demonstrated that he will actually

suffer physical injury—or any other irreparable harm—if he must wear high-cut shoes. *See Connecticut*, 282 U.S. at 674 (noting that injunctive relief will not lie where alleged injury is merely feared to occur at some time in the future).

The Court concludes that Plaintiff's conjectural and unsubstantiated allegations fail to demonstrate a risk of harm that is more than "merely serious or substantial." *Heideman*, 348 F .3d at 1189. Given that (1) there is no evidentiary support for Plaintiff's conclusory allegations, and (2) even if the allegations are true they do not establish that irreparable injury is imminent, injunctive relief should be denied. *See Sampson v. Murray*, 415 U.S. 61, 91-92 (1974) (inferring that the failure to show irreparable injury is sufficient ground, by itself, to deny injunctive relief); *Dominion*, 356 F.3d at 1260 (noting that without irreparable harm, injunctive relief is not available). Because Plaintiff has not asserted facts sufficient to meet the traditional injunction standard, the heightened standard applied to non-parties is certainly not met here.[2] *See Garcia v. Chamjock*, 2011 WL 7429425, at *7 (D. Colo. Dec. 20, 2011) (finding that the plaintiff's lone allegations against non-parties that restrooms were unsanitary and "infectious" were insufficient to meet the required heightened standard that he suffered an irreparable injury). Accordingly, the Court **RECOMMENDS** that Plaintiff's Motion for Injunctive Relief [#107] be **DENIED**.

## IV. CONCLUSION

For the foregoing reasons,

The Court respectfully **RECOMMENDS** that Plaintiff's Motion [#107] be **DENIED**.

---

[2] Because Plaintiff fails to demonstrate irreparable harm, the Court declines to address the other factors regarding the issuance of a preliminary injunction.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: December 10, 2012 at Denver, Colorado.

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge